The main opinion reverses the circuit court's denial of Madden's Rule 32, Ala.R.Crim.P., petition and grants Madden relief on his claim that the circuit court lacked jurisdiction to render judgment or to impose sentence on his 1983 guilty-plea convictions for receiving stolen property in the first degree. Specifically, Madden claimed that indictments charging him with first-degree receiving stolen property were void because they did not allege an essential element of the charged offense. In my opinion, this Court's determination that Madden is entitled to relief is premature, given that the State has not yet been afforded an opportunity to respond to the merits of Madden's claim.
Based on my examination of the record on appeal, Madden's appeal was submitted for review on June 29, 2005. The State's brief maintained that remand was necessary to determine whether the circuit court had ruled on Madden's request to proceed in forma pauperis. Additionally, the State requested that the record be supplemented with a copy of Madden's original Rule 32 petition that he filed in August 2004, because no copy of that petition was included in the record on appeal.[2] Given this omission from the record, the State's brief understandably did not address the merits of Madden's appellate claims. By order on August 16, 2005, this Court remanded Madden's case for the circuit court to determine whether a ruling on Madden's request to proceed in forma pauperis had been entered and further for the record to be supplemented with a copy of Madden's Rule 32 petition. Thereafter, the circuit clerk filed a record on return to remand, and on October 4, 2005, Madden's case was resubmitted for review. *Page 607 
Because the State was unable to determine precisely what claims Madden raised in his petition until the record on return to remand was filed on September 29, 2005, I believe that the State should now be permitted to file a supplemental brief addressing the merits of Madden's claims. It may well be that Madden is entitled to relief as a result of the claims asserted in his petition for postconviction relief. However, the State should be given an opportunity to respond to Madden's claims before we determine whether the requested relief is warranted. Therefore, I must respectfully dissent.
[2] The original record on appeal appears to contain a portion of a Rule 32 petition bearing a stamped filing date of March 8, 2005. Additionally, the record includes exhibits that appear to date from a 2003 filing by Madden — possibly another Rule 32 petition. Finally, the record includes a copy of Madden's February 2005 petition for a writ of mandamus against the circuit judge to whom Madden's case was assigned. However, no copy of the August 2004 petition upon which this Court's ruling is based appears to have been included in the record supplied to the parties and this Court. Indeed, Madden's own motion to supplement or correct the record, filed in the circuit court on May 26, 2005, contends as much. Despite the circuit court's grant of Madden's motion to supplement, however, the supplemental record filed in this Court on May 27, 2005, also fails to contain a copy of Madden's August 2004 petition.